**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **PATHWAY IP II GMBH,** | § | **Civil Action No.:  2:24-1068** |
| | § | |
| **Plaintiff,** | § | **JUDGE:** |
| | § | |
| **v.** | § | |
| | § | |
| **CNX RESOURCES CORPORATION,** | § | |
| | § | **COMPLAINT FOR TRADEMARK** |
| | § | **INFRINGEMENT** |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |

## COMPLAINT

Plaintiff, Pathway IP II GmbH (together with its predecessors-in-interest, parents and affiliates, hereinafter, collectively, "Plaintiff"), through its undersigned counsel, for its Complaint against CNX Resources Corporation ("Defendant"), respectfully states as follows:

## NATURE OF THE ACTION

1.    This is an action for trademark infringement, false designation of origin, counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a); and common law trademark infringement, unfair competition, and unjust enrichment under Pennsylvania state law. Plaintiff seeks an injunction prohibiting Defendant from using in commerce Plaintiff's federally registered HQ® Marks (as defined below) and/or any confusingly similar variations thereof.  In addition, Plaintiff seeks compensatory damages, treble damages, Defendant's profits from the violations alleged, statutory damages, and Plaintiff's costs and attorneys' fees incurred in bringing this action.

## THE PARTIES

2.      Plaintiff is a gesellschaft mit beschränkter hafting (GmbH) organized under the laws of Switzerland and having a place of business at Dammstrasse 19, 6300 Zug, Switzerland.

3.      Upon information and belief, Defendant CNX Resources Corporation is a Delaware corporation with a principal place of business at CNX Center, 1000 Consol Energy Drive, Canonsburg, Pennsylvania, United State of America 15317 and is amendable to service of process at that address.  CNX Resources Corporation may also be served with process on its Registered Agent, The Corporation Trust Company, at Corporation Trust Center, 2109 Orange Street, Wilmington, Delaware 19801.   Additionally, as a foreign corporation, CNX Resource Corporation's has reported to the Pennsylvania Secretary of State that its Registered Agent for service of process in Pennsylvania is CT Corporation System which has a published address of 600 2d Street, Suite 401 Harrisburg, PA 17101.

## JURISDICTION AND VENUE

4.      This is an action for (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114; (2) unfair competition, trademark infringement, false association, and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A); (3) counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114; and (4) common law trademark infringement, unfair competition, and unjust enrichment under Pennsylvania state law.

5.      This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §§1331, 1332, 1338, and 1367, as well as 15 U.S.C. §1121.

6.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law pursuant to 28 U.S.C. § 1367(a) because such state law claims are so

related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Defendant is subject to personal jurisdiction in Pennsylvania due to its maintaining of its principal place of business in this state, as well as its substantial ongoing business activities in this state, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to persons or entities in Pennsylvania and this Judicial District.

8. Venue is proper in this District under 28 U.S.C. §1391(b) because (i) a substantial portion of the events giving rise to this action occurred in this Judicial District; and/or (ii) Defendant does business, may be found, and is subject to personal jurisdiction in this Judicial District.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Rights In, To, and Under Its HQ® Marks

9. Plaintiff is the owner of all right, title, and interest in and to the mark HQ® and variations thereof for rental of office, co-working, and meeting facilities and related business and commercial real estate services, including without limitation U.S. Registration No. 1,586,038; U.S. Registration No. 5,762,866; U.S. Registration No. 6,473,719; U.S. Registration No. 6,466,035; and all common law rights and goodwill in connection therewith (collectively, the "HQ® Marks").

10. Plaintiff's licensees operate the facilities offered and provided under the HQ® Marks.

11. Accordingly, all use of the HQ® Marks by Plaintiff's licensees inures to the benefit of Plaintiff, the owner of the HQ® Marks.

12.     Plaintiff markets its services under the HQ® Marks to organizations and individuals seeking flexibility in workspace solutions, and provides fully furnished dedicated offices, co-working facilities, business lounges, meeting rooms, related reception, secretarial, and business administration services, as well as virtual office services under its HQ® Marks.

13.     Plaintiff has consistently used the HQ® Marks in connection with rental of office facilities and related services since at least as early as 1977.

14.     Plaintiff has invested substantial resources building a strong reputation, goodwill and loyal consumer following in connection with the valuable HQ® Marks.

15.     Plaintiff is the owner of all right, title and interest in and to U.S. Registration No. 1,586,038 for the mark HQ® for "rental of executive office space" in International Class 36, and "clerical services, copying of documents for others; employee leasing services, business networking services; cooperative advertising and marketing services; office equipment leasing services; personnel management consulting services; office supplies procurement services; secretarial and clerical services; telephone answering services; and typing services" in International Class 35, along with all related common-law rights. The application for the HQ® mark was filed on September 23, 1988, registered on March 6, 1990, and is valid, subsisting, and incontestable. *See* Exhibit 1. Pursuant to 15 U.S.C. §§1065 and 1115(b), the HQ® mark is incontestable, and the trademark registration is conclusive evidence of the validity of the HQ® mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive rights to use the mark in connection with the services identified.

16.     Plaintiff is the owner of all right, title and interest in and to U.S. Registration No. 5,762,866 for the mark HQ® (stylized) for "provision of facilities for meetings, conferences, seminars and exhibitions; rental of temporary accommodations; rental of office furniture; advice,

information and consultancy related to these services" in International Class 43, along with all related common-law rights. The application for the HQ® (stylized) mark was filed on October 18, 2018, registered on May 28, 2019, and is valid and subsisting. *See* Exhibit 1. Pursuant to 15 U.S.C. §1115(a), the HQ® (stylized) trademark registration is prima facie evidence of the validity of the HQ® (stylized) mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive rights to use the mark in connection with the services identified.

17.    Plaintiff is the owner of all right, title and interest in and to U.S. Registration No. 6,473,719 for the mark HQ® (stylized) for "Rental of office machines and equipment; office management services, namely, managing office functions in the nature of copying, printing, faxing, document reproduction, word processing and supplying office requisites for others; business management consultation in the field of providing serviced and managed offices; business office support services, namely, providing office support staff services; business administration for managed offices; secretarial services; photocopying, telephone answering, typing, word processing and shorthand secretarial services; clerical services; document reproduction services; personnel recruitment and placement services; advice, information and consultancy relating to these services" in International Class 35, "Management, brokerage, leasing and appraisal of real estate of commercial properties; real estate management; rental, brokerage, leasing and management of commercial property, offices and office space; rental of commercial properties, offices and office space; arranging leases for the rental of real estate; financing of real estate development; advice, information and consultancy relating to these services" in International Class 36, "Provision of facilities for meetings, conferences, seminars and exhibitions; rental of temporary accommodation; provision of serviced and managed offices, namely, providing temporary work space accommodations; rental of office furniture; advice, information and

consultancy relating to these services" in International Class 43, along with all related common-law rights. This application for the HQ® (stylized) mark was filed on March 11, 2019, registered on September 7, 2021, and is valid and subsisting. *See* Exhibit 1. Pursuant to 15 U.S.C. §1115(a), the HQ® (stylized) trademark registration is prima facie evidence of the validity of the HQ® (stylized) mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive rights to use the mark in connection with the services identified.

18.     Plaintiff is the owner of all right, title and interest in and to U.S. Registration No. 6,466,035 for the mark HQ® for "Rental of office machines and equipment; office management services, namely, managing office functions in the nature of copying, printing, faxing, document reproduction, word processing and supplying office requisites for others; business management consultation in the field of providing serviced and managed offices; business office support services, namely, providing office support staff services; business administration for managed offices; secretarial services; photocopying, telephone answering, typing, word processing and shorthand secretarial services; clerical services; document reproduction services; personnel recruitment and placement services; advice, information and consultancy relating to these services" in International Class 35, "Management, brokerage, leasing and appraisal of real estate of commercial properties; real estate management; rental, brokerage, leasing and management of commercial property, offices and office space; rental of commercial properties, offices and office space; arranging leases for the rental of real estate; financing of real estate development; advice, information and consultancy relating to these services" in International Class 36, "Provision of facilities for meetings, conferences, seminars and exhibitions; rental of temporary accommodation; provision of serviced and managed offices, namely, providing temporary work space accommodations; rental of office furniture; advice, information and consultancy relating to these

6

services" in International Class 43, along with all related common-law rights. This application for the HQ® mark was filed on March 11, 2019, registered on August 31, 2021, and is valid and subsisting. *See* Exhibit A. Pursuant to 15 U.S.C. §1115(a), the HQ® trademark registration is prima facie evidence of the validity of the HQ® mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive rights to use the mark in connection with the services identified.

19.     Plaintiff has used the HQ® Marks in connection with, among other things, real estate and property management services for commercial real estate and offices; serviced and managed offices and coworking facilities; provision of facilities for meetings and other events; provision of office furnishings and equipment; office management services; business office support and administrative services; and advice, information and consultancy relating to these services. By virtue of such use in U.S. commerce for many decades, Plaintiff has developed substantial goodwill and common law rights in and to the HQ® Marks.

20.     The HQ® Marks are inherently distinctive and/or have acquired distinctiveness.

21.     Plaintiff currently has HQ® branded locations in 30 countries, including more than 130 locations across the United States, more than a dozen locations in Pennsylvania, and 8 locations in Pittsburgh specifically.

22.     Plaintiff has invested substantial resources and efforts to develop the HQ® brand, as well as the goodwill associated therewith.

23.     Plaintiff is the indisputable senior user of the HQ® Marks and has a long-established nationwide priority over any rights that Defendant may allege in or to the HQ® Marks and/or confusingly similar variations thereof.

24.     Plaintiff has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising, and building consumer recognition and goodwill in the valuable and well-known HQ® brand, including in this Judicial District.

25.     As a result of Plaintiff's and its licensees' continuous and substantially exclusive use of the HQ® Marks, the relevant consumers of Plaintiff's services have come to strongly associate Plaintiff as the source or origin of the HQ® Marks and the services offered under the HQ® Marks. The HQ® Marks are extremely valuable and have developed a substantial amount of goodwill.

**Defendant's Infringement of the HQ® Marks**

26.     On information and belief, Defendant's primary business is as a natural gas development, production, midstream, and technology company.

27.     In addition, Defendant offers serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services in the Canonsburg, Pennsylvania area, under the names or marks HQ, HQ AT CNX, and/or THE HQ AT CNX ("HQ AT CNX Marks").

28.     On information and belief, the term "AT CNX" in the HQ AT CNX Marks refers to Defendant CNX's office location from which it provides its natural gas related operations.

29.     Defendant's addition of its CNX house mark and the terms "AT CNX" to Plaintiff's HQ® Marks is insufficient to distinguish Defendant, its marks, and its provision of offices and related services from Plaintiff, its marks, and its HQ® services.

30.     Defendant's use of the HQ AT CNX Marks creates the false and misleading commercial impression of an authentic HQ® serviced offices location associated with CNX or located at a CNX location, which is highly likely to deceive and mislead consumers.

31.     The HQ AT CNX Marks are highly similar and/or identical to Plaintiff's HQ® Marks in sight, sound, and commercial impression, particularly in light of the identical lead element "HQ".

32.     Defendant advertises, markets, offers for sale, sells, and provides serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services, which services are directly competitive to, identical to, and/or highly related to Plaintiff's serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services, creating a likelihood of confusion.

33.     Such directly competing, identical, and/or highly related services are customarily offered through similar channels of trade, to similar classes of consumers, and under circumstances that are likely to cause confusion between Plaintiff and its HQ® Marks and services, and Defendant and its HQ AT CNX name or mark and services.

34.     Defendant has had actual notice of Plaintiff's rights in, to, and under the HQ® Marks since at least May 4, 2023, when Plaintiff sent its first cease and desist letter to Defendant's corporate address, formally putting Defendant on notice that use of the HQ AT CNX Marks infringes Plaintiff's trademark rights. *See* Exhibit 2.

35.     Pursuant to 15 U.S.C. § 1072, Defendant has had constructive notice of Plaintiff's rights in, to, and under the HQ® Marks since at least March 6, 1990 by virtue of Plaintiff's U.S. Registration No. 1,586,038, since at least May 28, 2019 by virtue of Plaintiff's U.S. Registration No. 5,762,866, since at least September 7, 2021 by virtue of Plaintiff's U.S. Registration No. 6,473,719, and since at least August 31, 2021 by virtue of Plaintiff's U.S. Registration No. 6,466,035.

36.     To date, Defendant has not ceased its infringing and improper use of Plaintiff's HQ® Marks and/or confusingly similar variations thereof.

37.     Instead, Defendant continues to knowingly, intentionally, and willfully infringe Plaintiff's rights in the HQ® Marks.

38.     Defendant's knowing, intentional, and willful infringement of Plaintiff's rights in the HQ® Marks and/or the substantive strength of one or more of Plaintiff's claims make this an exceptional case within the meaning of 15 U.S.C. Section 1117.

39.     Defendant's use of the HQ AT CNX Marks in connection with, at least, its leasing, rental, and provision of serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services is likely to confuse and mislead consumers into believing that the services offered by Defendant are provided, approved, endorsed, or sponsored by Plaintiff, which they are not.

40.     Defendant has no association, affiliation, sponsorship, or any other connection with Plaintiff.

41.     Defendant's use of the HQ AT CNX Marks is likely to cause and continue to cause consumers and/or the relevant public to be confused into believing that: (a) Plaintiff is offering the services and/or goods being advertised, marketed, promoted, offered, and provided by Defendant; (b) Plaintiff is affiliated, connected, or otherwise associated with Defendant and/or Defendant's advertising, marketing, promotion, offer, and/or provision of services and/or goods; (c) Plaintiff is sponsoring, endorsing, administering, supervising, or is otherwise connected with Defendant and/or Defendant's advertising, marketing, promotion, offer, and/or provision of services and/or goods; (d) Defendant is affiliated, connected, or otherwise associated with Plaintiff and/or Plaintiff's advertising, marketing, promotion, offer, and/or provision of services and/or goods;

and/or (e) Defendant is sponsoring, endorsing, administering, supervising, or is otherwise connected with Plaintiff and/or Plaintiff's advertising, marketing, promotion, offer, and/or provision of services and/or goods.

42.     Defendant will continue to use, cause confusion, and wrongfully benefit and gain from its infringing use of Plaintiff's HQ® Marks and/or confusingly similar variations thereof unless enjoined by this Court.

43.     By virtue of Plaintiff's federal trademark registrations, Defendant had constructive knowledge of Plaintiff's rights in, to, and under the HQ® Marks long before Defendant chose to begin offering directly competing services under an identical and/or confusingly similar name or mark. Defendant has had actual knowledge of such rights since at least May 2023, when Plaintiff sent notice to Defendant of its rights in, to, and under the HQ® Marks. Yet, despite such knowledge, Defendant has elected to intentionally and willfully offer its services in Pennsylvania, wrongfully causing confusion and profiting from Plaintiff's long-standing goodwill in and to its extremely valuable and well known mark and name, and causing harm to Plaintiff's HQ® Marks.

## COUNT I

**(Federal Trademark Infringement – 15 U.S.C. §1114)**

44.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-43.

45.     Plaintiff is the owner of all right, title, and interest in and to the mark HQ® and variations thereof for rental of offices, co-working facilities, dedicated workspaces, conference rooms, and related real estate and business services, including without limitation U.S. Registration No. 1,586,038, U.S. Registration No. 5,762,866, U.S. Registration No. 6,473,719, U.S. Registration No. 6,466,035, and all common law rights and goodwill in connection therewith.

46.     Plaintiff has used its registered HQ® Marks and/or variations thereof since at least as early as 1977, its related trademark registrations are valid and subsisting, and U.S. Registration No. 1,586,038 and U.S. Registration No. 5,762,866 are incontestable.

47.     Plaintiff is the exclusive owner of all right, title, and interest in and to the HQ® Marks in connection with, *inter alia*, rental of commercial properties, offices and office space, office management and business office support services, provision of meeting and conference facilities, provision of serviced and managed offices, provision of co-working facilities, and related real estate and business services.

48.     Plaintiff is the indisputable senior user of the HQ® Marks and used the HQ® Marks and/or variations thereof in commerce since at least as early as 1977, which is, on information and belief, more than forty (40) years prior to any use of the HQ AT CNX Marks by Defendant.

49.     Plaintiff has continuously used its HQ® Marks since at least as early as 1977.

50.     Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's HQ® Marks and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with its sale, offering for sale, distribution, or advertising of its leasing, rental, and provision of serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services is likely to cause confusion, or to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff and/or the HQ® Marks.

51.     Defendant has thus committed and is continuing to commit acts of infringement in interstate commerce in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. §1114.

52.     Defendant's acts of infringement have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further

damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and well-known registered HQ® Marks, unless enjoined and restrained by this Court.

53.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's registered HQ® Marks and/or any confusingly similar variations thereof.

54.     Defendant's infringement is and has been knowing and willful, and Plaintiff is entitled to recover damages, including treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

55.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT II

### (Federal Unfair Competition and False Designation of Origin – 15 U.S.C. §1125(a))

56.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-55.

57.     Plaintiff is the exclusive owner of all right, title, and interest in and to the HQ® Marks in connection with, *inter alia*, rental of commercial properties, offices and office space, office management and business office support services, provision of meeting and conference facilities, provision of serviced and managed offices, provision of co-working facilities, and related real estate and business services.

58.     Plaintiff is the indisputable senior user of the HQ® Marks and used the HQ® Marks and/or variations thereof in commerce since at least as early as 1977, which is, on information and belief, more than forty (40) years prior to any use of the HQ AT CNX Marks by Defendant.

59.     Plaintiff has continuously used its HQ® Marks since at least as early as 1977.

60.     Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's HQ® Marks and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with its sale, offering for sale, distribution, or advertising of its leasing, rental, and provision of serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services constitutes unfair competition, a false and misleading designation of origin, and a false and misleading representation of facts, which:

        a.      is likely to cause confusion, to cause mistake, or to deceive consumers and the public as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff; and

        b.      in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendant's services or commercial activities.

61.     Defendant's use of the HQ AT CNX Marks as described herein is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

62.     Defendant has thus committed and is continuing to commit acts of infringement, unfair competition and/or false designation of origin in interstate commerce in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

63.     Defendant's acts of infringement, unfair competition and/or false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiff, and are

likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and well-known HQ® Marks, unless enjoined and restrained by this Court.

64.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's HQ® Marks and/or any confusingly similar variations thereof.

65.     Defendant's infringement, unfair competition, and/or false designation of origin are and were knowing and willful and Plaintiff is entitled to recover damages, including treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

66.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT III

### (Counterfeiting – 15 U.S.C. §1114)

67.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-66.

68.     Plaintiff is the owner of all right, title, and interest in and to the mark HQ® and variations thereof, including without limitation U.S. Registration No. 1,586,038, U.S. Registration No. 5,762,866, U.S. Registration No. 6,473,719, U.S. Registration No. 6,466,035, and all common law rights and goodwill in connection therewith.

69.     Defendant has used spurious designations that are identical with, and/or substantially indistinguishable from, Plaintiff's HQ® Marks, on or in connection with its sale,

offering for sale, distribution, or advertising of services described in Plaintiff's registrations for HQ®.

70.     Defendant's use of Plaintiff's HQ® Marks and/or substantially indistinguishable variations thereof in the sale, offering for sale, distribution, or advertising of its services is without Plaintiff's consent.

71.     Defendant's knowing, intentional, and unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's HQ® Marks and/or substantially indistinguishable variations thereof on and in connection with its sale, offering for sale, distribution, or advertising of its services constitutes counterfeiting of Plaintiff's HQ® Marks in commerce.

72.     Defendant has used these spurious designations knowing that they are counterfeit in connection with the sale, offering for sale, distribution, or advertising of Defendant's services.

73.     Defendant has thus committed and is continuing to commit acts of service mark counterfeiting in commerce in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. § 1114.

74.     Defendant's acts of counterfeiting have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known HQ® Marks, unless enjoined and restrained by the Court.

75.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's HQ® Marks and/or substantially indistinguishable variations thereof.

76.     Defendant's counterfeiting is and was knowing and willful and Plaintiff is entitled to recover damages, including treble damages, statutory damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

77.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial and/or is entitled to statutory damages.

## COUNT IV

## (Common Law Trademark Infringement and Unfair Competition – Pennsylvania State Law)

78.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-77.

79.     Plaintiff is the exclusive owner of all right, title, and interest in and to the HQ® Marks in connection with, *inter alia*, rental of commercial properties, offices and office space, office management and business office support services, provision of meeting and conference facilities, provision of serviced and managed offices, provision of co-working facilities, and related real estate and business services.

80.     Plaintiff owns and enjoys common law rights in the Commonwealth of Pennsylvania and throughout the United States in and to the HQ® Marks by virtue of its use thereof as described herein.

81.     Plaintiff is the indisputable senior user of the HQ® Marks and used the HQ® Marks and/or variations thereof in commerce since at least as early as 1977, which is, on information and belief, more than forty (40) years prior to any use of the HQ AT CNX Marks by Defendant.

82.     Plaintiff has continuously used its HQ® Marks since at least as early as 1977.

83.     Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's HQ® Marks and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with its sale, offering for sale, distribution, or advertising of their leasing, rental, and provision of serviced offices, dedicated workspaces, conference rooms, meeting facilities, and related real estate and business services is likely to cause confusion, or to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff and/or the HQ® Marks.

84.     Defendant's acts as alleged herein constitute trademark infringement and unfair competition under the common law of Pennsylvania.

85.     Defendant's acts of have caused and will continue to cause damage and irreparable harm to Plaintiff, and such acts are likely to continue unabated, thereby causing further injury, loss, and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with Plaintiff's distinctive and extremely well-known HQ® Marks, unless enjoined and restrained by this Court.

86.     Plaintiff has no adequate remedy at law.

## JURY DEMAND

87.     Plaintiff hereby respectfully requests a trial by jury on all issues in this action so triable by right pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Pathway IP II GmbH, respectfully requests that this Court enter judgment against Defendant, CNX Resources Corporation, as follows:

A.     That this Court enter a judgment finding that Defendant has infringed Plaintiff's HQ® Marks, and willfully infringed Plaintiff's HQ® Marks;

B.      That this Court enter a judgment finding that Defendant has committed acts of counterfeiting of Plaintiff's HQ® Marks;

C.      That this Court enter a judgment finding that Defendant has committed unfair competition and false designation of origin by using, and willfully using, Plaintiff's HQ® Marks and/or confusingly similar variations thereof;

D.      That this Court enter a judgment finding that Defendant has committed common law trademark infringement and unfair competition by using, and willfully using, Plaintiff's HQ® Marks and/or confusingly similar variations thereof;

E.      That this Court preliminarily and permanently enjoin Defendant and its officers, directors, agents, servants, employees, and any and all persons in concert or privity therewith, from using the HQ® Marks and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of such marks, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, distribution, or sale of Defendant's goods or services; from otherwise infringing Plaintiff's HQ® Marks; and from otherwise competing unfairly with Plaintiff;

F.      That this Court order Defendant to destroy and/or obliterate any and all signs, brochures, advertisements, stationery, leaflets, labels, electronic media, and other items in its possession, custody, or control, upon which appear or reflect the HQ® Marks, and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's HQ® Marks, including the HQ AT CNX Marks;

G.      That this Court order Defendant to pay to Plaintiff such damages as Plaintiff has actually sustained:

     a.    in consequence of Defendant's infringement of and upon Plaintiff's HQ® Marks;

     b.    in consequence of Defendant's counterfeiting of Plaintiff's HQ® Marks;

     c.    in consequence of Defendant's false designation of origin; and

     d.    in consequence of Defendant's actions of unfair competition

H.    That this Court order Defendant to account for and pay to Plaintiff all profits realized by Defendant from its infringement of or upon Plaintiff's HQ® Marks, its counterfeiting of Plaintiff's HQ® Marks, its false designation of origin, and its acts of unfair competition;

I.    In the alternative to actual damages and profits, that this Court order an award of statutory damages in an amount of not more than $200,000 per counterfeit mark per type of services and/or goods, and if willful, an amount of not more than $2,000,000 per counterfeit mark per type of services and/or goods, sold or offered for sale by Defendant;

J.    That this Court order Defendant to cease further infringement of the HQ® Marks and further damage to Plaintiff's goodwill;

K.    That this Court find that the circumstances and actions of Defendant's conduct was willful and sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times the amount found as actual damages; however, notwithstanding the foregoing, Plaintiff reserves the right to elect, any time before final judgment, statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits;

L.    That this Court order Defendant to pay Plaintiff its costs and expenses incurred in and related to this action;

M.    That this Court order Defendant to pay Plaintiff's attorneys' fees;

N.    That this Court order Defendant to pay Plaintiff's prejudgment interest;

O.    That this Court award Plaintiff exemplary and punitive damages under Pennsylvania law for Defendant's willful, intentional, and/or tortious acts; and

P.      That this Court award such other and further relief as this Court deems just and proper under the circumstances.


Dated:  July 25, 2024                              Respectfully submitted,

                                                  s/Adrian N. Roe
                                                  Adrian N. Roe
                                                  Pa. Bar No. 61391
                                                  Law Office of Adrian N. Roe P.C.
                                                  428 Boulevard of the Allies
                                                  Suite 100
                                                  Pittsburgh, PA 15219
                                                  (412) 400-3950
                                                  aroe@roelawoffice.com

                                                  *Counsel for Plaintiff Pathway IP II GmbH*